Chief Justice Robertson
delivered the opinion of the Court.
Thomas C. Pendleton, having issued a fieri facias, on a judgment in his favor, against Isaac Pearson, the latter with Zachariah White and William Hunter, as his sureties, executed a replevin bond.
On the 5th of May, 1823, a fieri facias was issued on the replevin bond, on which the sheriff made the following return: “levied and stayed by order of plaintiff, for a few days, and no property found after the Stay.”
On the 11th of July, 1827, another fieri facias was issued on the same bond, to injoin which execution, W hite tiled his bill in chancery against Pendleton.
He alleges, in his bill, that the tirst execution was levied on property of Pearson, sufficient to satisfy the whole amount due; that Pendleton, without the knowledge or assent of White, directed a stay of the execution after the levy, whereby, the property on which it had been levied, was released; and that since that time, Pearson had become insolvent.
He also alleges the insolvency of Hunter; and charges, that unless the chancellor will relieve him by injunction, he will be compelled to pay the whole debt; and will thereby, be subjected to irreparable injury.
The first execution was endorsed for the benefit of Achillis Sneed.
Pendleton did not answer the bill. But Luke Mun-sell, as the administrator of Achillis Sneed, was permitted to file an answer, which, by the agreement of the parties, was to be considered the answer of Pen-dleton.
In this answer, Munsell virtually admits the levy of the execution on Pearson’s property. But he denies that the property would have paid ttie debt; insists that White assented to the, stay oí the execution; and that *526 Pearson was insolvent when the execution was suspended.
Forbearance or passive indulgence by obligee, will not release a surety. But any settled agreement, or activeinterfe-rence by obli-gee, whereby the surety may be injured, or subjected to increased risk, or deprived of or suspended in the assertion of his equitable right, to force obligee to sue the principal, or of his rigt to pay the debt, and occupy the attitude in equity, of the obligee, . will release the surety in equity.
Any aot of creditor, which entitles principal to indulgence after the debt is due, according to the terin= of the original con- ' — :-~"“ equ¡ty, charge surety who has not theirnlul-*0 gence. Sure-fi’s consent |,ence olUic principal, cannot be in-hj^snenciTor neutrality, evinced some positive aot-
*526 By a.subsequent agreement, it was admitted “that Pearson was, and is insolvent, as charged in the bill.”
On the bill and answer, and exhibits, the circuit court perpetuated" the injunction which had been granted to restrain the enforcement of the replevin bond against White.
Forbearance, or passive indulgence by the obligee, will not entitle a surety to exemption from the effect; of his obligation, Stout vs. Ashton, V Monroe, 252; Keel vs. Preston, Ib. 586; and the cases cited pre« sently.
But any settled agreement,, or active interference by the obligee, whereby the surety may be injured, or subjected to increased risk, or deprived of, or suspended in the assertion of his equitable right, to force the obligee to sue the principal, or of his right to pay the debt, and occupy the attitude, in equity, of the obligee, will notírelease the surety in equity. Norton, et al vs. Roberts, et al, IV. Monroe, 491; King vs. Baldwin, II. Johnson’s Ch’y. Rep. 359; I. Mad. Ch’y. 191; Edwards vs. Coleman, VI.Monroe, 567; M‘Haney, et al vs. Crabtree, Ib. 106; Rees vs. Berrington, II. Vesay, jun’r. 543; Ludlow vs. Limond, II.Caines Ca. 1; the People vs. Jausen, VII. Johnson’s Rep. 336; Rathbone vs. Warren, X. Ib. 587; Crain vs. Colwell, VIII. Ib. 384; Fulton vs. Matthews, et al, XV. Ib. 333; Hunt vs. the United States, I. Gallison’s Rep. 32.
Any act of the creditor, which entitles the principal obligor to indulgence, after the debt shall have become due, according to the terms of the original contract, will, in equitv, discharge a surety who has not consented to the indulgence; and his consent cannot be inferred from his silence,, or neutrality; but must be evinced by some positive act.
This principle of equity is undeniably established by abundant authorities. And it is just and rational. The. creditor should not be allowed, by any act of his, or by any new contract with the principal debtor, without the concurrence of his surety, to modify the *527 original contract; affect the rights or change the attitudes and relations of the parties.
a‘novation’ may discharge a sure.-^sented to it
If thecreditor J'artb^’;™ith' any^rouhse to do so, all ^ author>-thnthi* nega> tive conduct will not exonerate the surety. If, tends to Vor,-bear, he sh?ultl aP-. oipalof^at' intention, or should give an rtiiit/c Oí indulgence, without i^t^nyr valid contract i.o forbear, it is lar from being a i ecessa-ry consequence of any established principle of equity, or known dictate o' reason that the surety should be relased.
*527 An eminent jurist has said: — “It is the equitable right oí sureties, to come into a court ot equity, and demand to sue in tile name of the creditor. Now, if the creditor have given time to his debtor, the surety cannot sue him. What is forbearance and giving time? It is an engagement which ties the hands of the creditor. It is not negatively refraining; but it is the act of the creditor, depriving himself ot the power of suing, by something obligatory, which prevents the surety from coming into a court of equity for relief, because the principal, having lied his own hands, the surety cannot release them.”
A “novation” may discharge the surety, unless he assented to it. There may besóme difficulty in difr tinguishing the difference in principle, betwixt simple forbearance, and indulgence in fulfilment of a voluntary, gratuitous promise, or assurance. If the ere-ditor forbear, without having made any promise todo so, all the authorities concur that his negative consent will not exonerate the surety, more than the principal obligor. If, when the creditor intends to forbear, he should apprise the principal debtor of that intention, or, in order to relieve him from anxiety, should give him an assurance of indulgence, without binding himself by any valid contract to forbear, it is far Irom being a necessary consequence of any established principle of equity, or known dictate of reason, that the surety should be entitled to a release.
There may have been cases, in which such indulgence was considered sufficient tor the liberation of a 3urety; but, although we have seen some obiter suggestions, and marginal intimations to this effect, we have been unable to find any case, in which such a doctrine is distinctly announced, or authoritatively settled, unless that of Roberts ads Norton, IV. Monroe, be such an one. Whether the case in IV. Monroe, was intended, or should be understood to extend _ . , . so far, it is not necessary now to inquire. That ques-lion may remain until a case shall arise, in which it will be necessary to decide it. The general rules which have been defined and recognized by a series of concurrent authorities, have been laid down. We *528 consider il unnecessary to do more on this occasion* or to determine whether (here are exceptions, and what principlechouid regulate their classification.
Stay of execution, by creditor, after a levy of it on the property of principal, ■tvillexone-rate surety, if the lien resulting from the levy be extinguished, and surety do1 not tip- . prove the indulgence. Nor is the release of the surety less complete, though the prom rty levied upon was insufficient, to discharge the whole debt.
To a bill by surety,in replevin bond to be released on account of a stay of execution, granted by the creditor, to the principal, the co-securi-ii(-s and principal are necessary parties
A stay ol‘ execution by the creditor, after a levy of it on the property of the principal debtor, will exone* rate his surety, if the lien resulting from the levy be extinguished, arid the surety did not approve the indulgence. This is in perfect accord with the general principle which lias been defined. For, by releasing the property levied on, from the lien, the creditor increases the risk of the surety. It is not material whether the property so exempted, was sufficient to discharge the whole debt or not. ft is the fact that the creditor interfered, and thereby increased the risk ol the surety, and not the extent of injury resulting from his act, which will relieve the surety from his liability in equity. To make the right to relief depend on the degree of injury, would, in the language of Loughborough,in Rees vs. Barrington,“lead to a vast variety of speculations upon which no sound principle could be built.”
It is said, in some cases in general terms, that a stay of execution, without the assent of the surety, will operate as a release in equity, of his liability. See III. Bibb, 469; I.Munford, 269; I. Cull. 18.
It will not, we apprehend, be ne.' essary in this case, to determine, whether a stay of execution, before a levy of it, or a momentary suspension of its operation after a levy, but without discharging its lien on the property, would exonerate a surety. Such a question is not now presented by the record.
Nor would it be proper to decide, whether facts have appeared sufficient for the relief of the defendant in error. There is a defect of parties.
Hunter (the co-security) is a necessary party. He may not be entitled to exoneration. In that event, it would be to his interest to show that White should also be held bound, so that he may contribute. A d 'eree relieving White would not exonerate Hunter. He ought to be a party.so that the. whole controversy may be at once adjusted among all concerned.
For similar reasons, Pearson, (.the principal obligor' should be a party.
Triplett, for plaintiff; Denny, for defendant.
Wherefore, for want of proper parties, the decree of the circuit court is reversed, and the cause remanded for proper parties to be made, and for such further proceedings and decree as shall become proper, to effectuate the rights of all the parties accord-, jng to the principles of this opinion.